# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN SCOTT,
    PLAINTIFF,

VS.

CARR, KULKOSKI & STULLER, S.C.,
ABC INSURANCE COMPANY, ET AL.,
    DEFENDANTS.

CASE NO. _____

(1) Violation of 42 USC § 1981, Civil Rights Act of 1886: Deprivation of Due Process and Equal Protection of Law, in Violation of the Fourteenth Amendment Rights and Right To Free Speech, in Violation of the First Amendment Rights.

(2) Violation of 42 USC § 1985, Civil Rights Act of 1871: Interference with Access to Court, in Violation of First Amendment Rights, To Free Speech and Access to the Courts.

(3) Violation of Wisconsin Constitution Article I., Section 1, 7, and 21 and Violation of Wisconsin Statute Section 893.53 (regarding State Law Claims, Negligence, Breach of Duty, and Fraudulent Misrepresentation).

# I. JURISDICTION AND VENUE

1. This is a Civil Action authorized by the Civil Rights Act to redress the Constitutional Rights secured by the Constitution of the United States of America. The Court has jurisdiction over this action under 28 U.S.C. Section 1331 and 1343(a)(3), because some of the Plaintiff's claims arise under Federal Statues. The Plaintiff seeks Compensatory Damages and seeks Punitive Damages pursuant to 28 U.S.C.

2. The United States District Court Eastern District of Wisconsin is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it's where the events giving rise to this claim occurred.

3. In any Civil Actions a District Court in which have original jurisdiction, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" 28 U.S.C. 1367(a).

4. A "loose factual connection between the claims", is sufficient to allow supplemental jurisdiction. Generally, supplemental jurisdiction is granted when "the state and federal claims derive from the common nucleus of operative facts."

# II. PLAINTIFF

1. Steven Scott
   Prisoner ID# 503488
   SSN (Last Four Digits) 8847
   Address: P.O. BOX 19033
   Green Bay, WI. 54307-9033

2. The Plaintiff, is a resident of Wisconsin and Wisconsin State Prisoner, bringing a Civil Action, for Deprivations of State and Federal Rights.

# III. DEFENDANTS.

1. Carr, Kulkoski & Stuller, S.C.
   16869 West Greenfield Avenue
   New Berlin, WI. 53151

2. ABC INSURANCE COMPANY
   (For Carr, Kulkoski & Stuller, S.C.)

A Grievance with the Office of Lawyer Regulation has been filed in connection with this matter. As well as a Habeas Corpus (Knight Petition) has also been filed. The Defendants, were only given a program, as a reward for violating the Plaintiff's, State and Federal Rights. There are serious injustices, that must be raised at Federal Level, to Guarantee that they never occurred again.

The Plaintiff, is unaware of the true and actual name for ABC INSURANCE COMPANY. When that name is made known to the Plaintiff, he will ask for leave of court, to correct the record to the true and actual name as a Party.

## IV. STATEMENT OF CLAIM

COUNT I - VIOLATION OF 42 USC § 1981, CIVIL RIGHTS ACT OF 1886: DEPRIVATION OF DUE PROCESS AND EQUAL PROTECTION OF LAW, IN VIOLATION OF THE FOURTEENTH AMENDMENT RIGHTS AND RIGHT TO FREE SPEECH, IN VIOLATION OF THE FIRST AMENDMENT RIGHTS.

1. On or about December 11, 2006, the State Public Defender (SPD), appointed Attorney Glen B. Kulkoski (Atty. Kulkoski), as Post-Conviction/Appellate Counsel, for the Plaintiff, Steven Scott, to seek Post-Conviction Relief.

2. On January 2, 2008, Atty. Kulkoski, filed a No Merit Report for the Plaintiff's, Criminal Conviction. On April 24, 2008, the Plaintiff, filed a response. The Wisconsin Court of Appeals, did so in fact reject the No-Merit Report on December 23, 2008, identifying an issue with arguable merit, for appeal regarding Sentencing Guidelines.

3. On or about January 29, 2009, Atty. Kulkoski filed a Motion for Resentencing in the Trial Court, on the Plaintiff's behalf. On or about March 3, 2009, Judge Daniel Konkol (Judge Konkol), denied the Motion in a Written Order. However, no Notice of Intent from the denial of the Post-Conviction Motion.

4. In the State of Wisconsin, the right to Direct Appeal from a Criminal Conviction is Guaranteed, by the Wisconsin Constitution Article I., Section 21.

5. On or about April 14, 2010, the Plaintiff, requested appointment of new counsel, in a written letter to the Court of Appeals, complaining that Atty. Kulkoski had failed to respond to the Plaintiff's, repeated attempts to contact him by telephone and in writing, as well as contact attempts made by family members on the Plaintiff's behalf.

6. In an order dated April 19, 2010, the Wisconsin Court of Appeals, referred the matter to the SPD. On May 5, 2010, the Plaintiff, advised First Asst. State Public Defender Colleen Ball (FASPD Ball), that he had made numerous unsuccessful attempts to contact Atty. Kulkoski by telephone and letter, that several family members had also attempted to make contact with Atty. Kulkoski, and that Atty. Kulkoski had never informed him that the Resentencing Motion had been denied.
(See, Attachment A.)

7. On May 7, 2010, FASPD Ball, filed a report informing this court that, based upon her discussion with Atty. Kulkoski, regarding his closing of Mr. Scott's case, the SPD would appoint counsel for Mr. Scott (Plaintiff) for purposes of investigating the potential for a Petition For Habeas Corpus under Knight.
(See, Attachment D.)

8. On May 24, 2010, Asst. State Public Defender Andrea Taylor Cornwall (ASPD Cornwall), was appointed, and subsequently obtained Atty. Kulkoski's file, including the trial court record and transcripts of the trial court proceedings.
(See, Attachment E.)

9. Undersigned counsel subsequently reviewed these materials and, on October 12, 2010, had a conference at Green Bay Correctional Institution (GBCI), with the Plaintiff, who confirmed that he was unaware that the Resentencing Motion, filed by Attorney Kulkoski, had been denied, until he received a copy of a letter that FASPD Ball, sent to Atty. Kulkoski on May 3, 2010.
(See, Attachment F.)

10. On October 13, 2010, Atty. Kulkoski, informed undersigned counsel ASPD Cornwall that, while he did receive a copy of Judge Konkol's, written order denying the Post-Conviction Resentencing Motion, he had no recollection of having advised the Plaintiff, that the motion had been denied or that he had the right to appeal from the denial, nor did his file contain any written evidence that he had, in fact, done so.

11. Further, Atty. Kulkoski, indicated that he believed he did not inform the Plaintiff, of the Motion's Denial and his right to appeal due to "attorney inadvertence".
(See, Attachment B., Affidavit of Glen B. Kulkoski ¶¶ 5, 6, 7, 9)

12. Atty. Kulkoski also, provided counsel with a copy of a May 24, 2009, letter that he received from the Plaintiff, requesting that Atty. Kulkoski set-up an "Attorney-Client" Phone Call, as the Plaintiff, and his family, had been unsuccessful in their attempts to reach him.
(See, Attachment B., ¶ 8; see, also, Attachment C., Letter dated 5/24/2009 to Atty. Kulkoski from the Plaintiff) Atty. Kulkoski informed counsel that his file contained no indication that he ever responded to Mr. Scott's (Plaintiff) letter. (See, Attachment B., ¶ 8).

13. The Plaintiff, never consented or agreed to the closing of his file without further action, nor did he agree or consent to the lapse of his direct appeal deadlines. The Plaintiff, never agreed to give up his right a direct appeal or his right to appointed counsel on direct appeal.

14. Indeed, the Plaintiff's, repeated attempts to contact Atty. Kulkoski to determine the status of his case, and Mr. Scott's (Plaintiff) ultimate request to this court for appointment of new counsel reflect that the Plaintiff, had no intention of abandoning his right to a direct appeal.

15. A convicted defendant has a right to appeal, and an indigent defendant has the additional right to appointment of counsel for this purpose. See, e.g., State v. Thornton, 2002 WI APP 294, ¶¶ 12-13, 259 Wis. 2d 157, 656 N.W. 2d 45.

16. A indigent criminal defendant has the constitutional right to the effective assistance of counsel on direct appeal. State EX REL. Flores v. State, 183 Wis. 2d 587, 605, 516 N.W. 2d 362 (1994)(citing Evitts v. Lucey, 469 U.S. 387, 396-397 (1985)).

17. Where a defendant chooses to forego an appeal on grounds that appointed counsel concludes has a merit, a "defendant is arguably waiving both the right to an appeal and the right to counsel..." State EX Rel. Ford v. Holm, 2004 WI App. 22, ¶ 32, 269 Wis. 2d 810, 833-34, 676 N.W. 2d 500.

18. Atty. Kulkoski, was fully aware that when he ~~[struck]~~ caused ~~[struck]~~, that he would be or his actions and inactions would become prejudical to the Plaintiff. Atty. Kulkoski, denied and deprived the Plaintiff, of the right to Effective Assistance of Appellate Counsel on direct appeal, when Atty. Kulkoski ~~[struck]~~ caused ~~[struck]~~ to allow the Plaintiff's, direct appeal rights to lapse without his consent and without proper advisement.

19. Atty. Kulkoski's, deficient conduct deprived the Plaintiff, of his constitutional right to both a direct appeal and to appointed counsel on appeal. Atty. Kulkoski's, conduct was deficient and prejudical when he allowed the Plaintiff's direct appeal deadlines to lapse without his consent. Missing an appeal deadline is both necessarily deficient and presumptively prejudical. See, State EX Rel. Seibert v. Macht, 2001 WI 67, ¶¶ 15, 16, 244 Wis. 2d 378, 627 N.W. 2d 881.

20. See, also, Flores, 183 Wis. 2d at 620 (prejudice is presumed whenever the ineffective assistance deprives one totally of the right to appeal). The waiver of the right to a direct appeal must be made by the defendant. See, Flores, 183 Wis. 2d at 617. A valid waiver of the right to a direct appeal requires a showing that the defendant knew of the right to a direct appeal and his options, and that the defendant "either suggested, acquiesced in or with the decision" to forego an appeal. Ford, 269 Wis. 2d 10, ¶32 (quoting Flores, 183 Wis. 2d at 617, internal citation omitted).

21. The Objective Evidence, supports the Plaintiff's, claims that he did NOT consent to the closing of his file without action and that he did NOT acquiesce or agree to waive his right to a Direct Appeal. The Plaintiff's, letter to Atty. Kulkoski dated May 24, 2009, reflects that he had been unsuccessful in his repeated attempts to contact Atty. Kulkoski by telephone, and he specifically requested that Atty. Kulkoski set-up an attorney-client phone call (See, Attachment B.)

22. In addition, the Plaintiff, complaint filed in the Court of Appeals on April 14, 2010, specifically referenced Atty. Kulkoski's failure to respond, to his repeated attempts to contact him and requested that the Court of Appeals, discharge Atty. Kulkoski and Appoint New Counsel demonstrates the Plaintiff's intention to pursue an appeal of his case.

23. The lack of consent to the closing of his file without action, as well as his NON-waiver of his rights to a Direct Appeal and to appointed counsel on Appeal. The Court of Appeals referred the the Plaintiff's, request to the SPD, which investigated his complaint and then appointed Counsel (Atty. Andrea Taylor Cornwall) to pursue a Knight Petition. (See, Attachment D.)

24. Further, Atty. Kulkoski's conduct was deficient and prejudicial because he failed to advise the Plaintiff, that Judge Konkol had issued an order denying the Post-Conviction Resentencing Motion, and that the Plaintiff, had the right to Direct Appeal from this denial. For a valid waiver, Atty. Kulkoski was required not only to advise the Plaintiff, about his Direct Appeal Rights and Options, but he was <u>also</u>, required to advise the Plaintiff, regarding his right to appointed Counsel. (<u>See</u>, Attachment <u>B</u>, <u>G</u>, and <u>H</u>.)

The Plaintiff, incorporates, herein by reference all of the allegations continued in paragraphs <u>1</u> through <u>24</u> of it's <u>1ST Claim</u>, <u>Count 1</u>.

Due to the Actions and InActions of the Defendants, for depriving the Plaintiff, of his Due Process Rights and Equal Protection of Law under the Fourteenth Amendment Rights and First Amendment Rights to Free Speech, his Federal Rights under 42 USC § 1981, Civil Rights Act of 1886, were violated. The Equal Protection of Law Guarantees, the Plaintiff, must be treated Equal under the Fourteenth Amendment, and Guarantees the Right to Free Speech under the First Amendment Rights.

**COUNT 2** - VIOLATION OF 42 USC § 1985, CIVIL RIGHTS ACT OF 1871: INTERFERENCE WITH ACCESS TO COURT, IN VIOLATION OF FIRST AMENDMENT RIGHTS, TO FREE SPEECH AND ACCESS TO THE COURTS.

The Plaintiff, reallege and incorporate ¶¶ 1 through 24 Above paragraphs of it's 2ND Claim, Count 2.

Due to the Actions and In Actions of the Defendants, for depriving the Plaintiff, of his Federal Rights or Privileges, of the First and Fourteenth Rights, To Free Speech, it was an Interference With Access To The Courts, his Federal Rights under 42 USC § 1985, Civil Rights Act of 1871, were violated. The First Amendment Rights Guarantee the Right To Free Speech, by Access To The Courts.

**COUNT 3** - VIOLATION OF WISCONSIN CONSTITUTION ARTICLE I., SECTION 1, 7, AND 21 AND VIOLATION OF WISCONSIN STATUTE SECTION 893.53 (REGARDING STATE LAW CLAIMS, NEGLIGENCE, BREACH OF DUTY, AND FRAUDULENT MISREPRESENTATION).

The Plaintiff, reallege and incorporate ¶¶ 1 through 24 Above paragraphs of it's 3RD Claim, Count 3.

Due to the Actions and In Actions of the Defendants, for depriving the Plaintiff, of his State Law Rights, it violated the Wisconsin Constitution Article I., Section 1, 7, and 21. Section 1, Guarantees the Declaration of Rights. Section 7, Guarantees the Right to Counsel. Section 21, Guarantees the Right To Direct Appeal from a Criminal Conviction. Under Wisconsin Statute Section 893.53, are and/or contains the Elements of a Cause of Negligence, Breach of Duty, and Fraudulent Misrepresentation. Negligence of the Defendants occurred because the following: (1) A duty of care or a voluntary assumption of a duty on the part of the defendant, (2) A Breach of Duty, which involves a failure to exercise ordinary care in making a representation or in ascertaining the facts, (3) A causal connection between the conduct and the injury, and (4) An actual loss or damage as a result of the injury. Breach of Duty occurred because the following: (1) Owed the plaintiff a Fiduciary Duty, (2) The defendant Breach that Duty, and (3) The Breach of Duty caused the plaintiff damage. Fraudulent Misrepresentation occurred because the following: (1) A False Representation of fact, (2) Intent to defraud for the purpose of inducing another to act upon it, and (3) Rely and Act upon that Representation, causing injury or damage.


# V. RELIEF YOU REQUEST

<u>COUNT 1</u> → The Plaintiff, seeks $200,000 dollars.

<u>COUNT 2</u> → The Plaintiff, seeks $200,000 dollars.

<u>COUNT 3</u> → The Plaintiff, seeks $100,000 dollars.

The Plaintiff, <u>also</u>, seeks $200,000 dollars in Punitive Damages.

The Plaintiff, further seeks, A Trial by Jury.

I, declare, under the penalty of perjury, that the forementioned under 28 USC §1746, is true and correct.

Dated this 30<u>TH</u>, day of June, 2014.

Submitted by,

Steven Scott

Steven Scott
#503488
GBCI
P.O. BOX 19033
Green Bay, WI. 54307-9033