**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**STEVEN DIONNE SCOTT,**
    **Plaintiff,**

    v.                                                Case No. 14-CV-762

**CARR KULKOSKI & STULLER SC and**
**ABC INSURANCE COMPANY,**
    **Defendants,**

## DECISION AND ORDER

Plaintiff, Steven Dionne Scott, a state prisoner, filed a pro se complaint. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis, plaintiff's two motions for identification of civil action, and for screening of plaintiff's complaint.

The plaintiff has been assessed and paid an initial partial filing fee of $16.51. I will grant his motion for leave to proceed in forma pauperis.

In each of plaintiff's motions for the identification of civil action, plaintiff asks the court to take note that his action is filed under 42 U.S.C. § 1981, the Civil Rights Act of 1886, 42 U.S.C. § 1985, the Civil Rights Act of 1871, and Wisconsin state law. Plaintiff's causes of action are identified in his complaint. Therefore, these motions are unnecessary and I will deny them as moot.

I am required to screen complaints brought by prisoners seeking leave to proceed in forma pauperis. 28 U.S.C. § 1915(e)(2). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

Plaintiff's complaint details at length the inadequacy of the legal work and communication of his criminal post-conviction/appellate counsel, Attorney Glen B. Kulkoski. Oddly, though, plaintiff has named as defendants only Attorney Kulkoski's law firm and the law firm's insurance company.

In another case, Case No. 13-cv-980 (E.D. Wis.), I instructed plaintiff repeatedly that his claims against his workers compensation attorneys belonged in state court. Attorneys representing litigants, even those paid by the State Public Defender, are not state actors and cannot be sued under 42 U.S.C. § 1983. See Polk v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); Walton v. Neslund, 248 Fed.Appx. 733, 733-34 (7th Cir. 2007).

This explains plaintiff's insistence that he is not bringing his claims in this case under § 1983. However, plaintiff fares no better under the other civil rights statutes he has cited.

To establish a prima facie claim under § 1981, the plaintiff must show that (1) he is a member of a racial minority; (2) the defendants had the intent to discriminate on the basis of race; and (3) the discrimination concerned the making or enforcing of a contract. Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996). Plaintiff's complaint contains none of these elements.

The other statute plaintiff cites, 42 U.S.C. § 1985 prohibits conspiracy to interfere with civil rights. First, plaintiff's complaint addresses only the actions of Attorney Kulkoski. There are no facts that suggests he conspired with anyone, let alone his law firm or an insurance company, to deprive plaintiff of his civil rights.

Second, to establish a claim for civil conspiracy under § 1985(3), a plaintiff must demonstrate 1) the existence of a conspiracy, 2) a purpose of depriving a person or class of persons of equal protection of the laws, 3) an act in furtherance of a conspiracy, and 4) an injury to person or property or a deprivation of a right or privilege granted to United States citizens. Hernandez v. Joliet Police Dept., 197 F.3d 256, 263 (7th Cir. 1999). Claims under §§ 1985(3) require allegations or "racial or class-based discrimination," i.e., there must be some averment of "some racial, or perhaps other class-based invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Plaintiff's complaint does not state a claim under § 1985.

Plaintiff's complaint sets forth state law legal malpractice claims against Attorney Kulkoski. In the complaint, plaintiff does not even attempt to explain why he has named the law firm and the insurer and not Attorney Kulkoski. He acknowledges that he has already filed a grievance with the Office of Lawyer Regulation as well as a petition for a writ of habeas corpus. These are his appropriate means of redress, not a lawsuit in federal court.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #5) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for identification of civil action (Docket #2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's second motion for identification of civil action (Docket #8) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $333.49 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2015.

                                        s/ Lynn Adelman
                                        _____
                                        LYNN ADELMAN
                                        District Judge